UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

RYAN CURRIE
462 Mecklem Avenue
Rochester, PA 15072

   Plaintiff

  v.

NORFOLK SOUTHERN RAILWAY CO.
3 Commercial Place
Norfolk, VA 23510

   Defendant.

CIVIL ACTION NO.

## COMPLAINT AND JURY DEMAND

  COMES NOW the plaintiff, RYAN CURRIE, by and through his undersigned counsel, and claims of the defendant an amount in excess of the statutory arbitration limits and avers the following:

  1. Plaintiff, RYAN CURRIE, is an adult individual residing in Rochester, PA.

  2. Defendant, Norfolk Southern Railway Co., is and was at all times material hereto a corporation duly organized and existing under and by virtue of law and was engaged in owning and operating a line and system of railroads and railroad properties as a common carrier of goods and passengers for hire in interstate commerce and transportation in, through and between various and several states of the United States and doing business in the Western District of Pennsylvania.

  3. At all times material hereto and for some time prior thereto, Plaintiff was in the employ of Defendant as a Conductor in furtherance of the carriers' business of interstate commerce and transportation by railroad.

  4. This action is brought against Defendant pursuant to the Federal Employers' Liability Act, 45 United States Code §§51, et seq., the Federal Safety Appliance Act, 45 U.S.C.A. §§1, et seq., Locomotive Boiler Inspection Act, 45 U.S.C.A. §§23, et seq., recodified in 49 U.S.C.A. §§20701,

et seq., and the Federal Railroad Safety Act, 49 USC §20109 ("FRSA"), which was amended to enhance the oversight measures that improve transparency and accountability of railroad carriers, by ensuring that railroad employees can report their concerns without fear of possible retaliation or discrimination from employers.

5. On or about October 29, 2017 in Defendant's Conway Yard facility in Conway, PA, NS Remote Control Engine 4726 was experiencing multiple engine penalty faults due to poor maintenance and/or communications. Mr. Currie, who was working, in the course and scope of his duties for the defendant, in an empty gondola/hopper car on the back of a train to protect a shove move, when an emergency brake activated, causing Plaintiff to sustain significant personal injuries.

**RYAN CURRIE v. NORFOLK SOUTHERN RAILWAY CO.**
**Federal Employers' Liability Act, 45 United States Code §§51, et seq., the Federal Safety Appliance Act, 45 U.S.C.A. §§1, et seq., recodified in 49 U.S.C.A. §§20301, et seq., and the Locomotive Inspection Act, 49 U.S.C.A. § 20701**

6. Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 - 5, above, as if set forth at length herein.

7. Plaintiff's injuries were caused both directly and proximately by the negligence, gross negligence, carelessness, recklessness and/or unlawful conduct of Defendant, by and through its agents, servants and/or employees and/or its ostensible agents, servants and/or employees in the following respects which include, but are not limited to:

(a) failing to use ordinary care to furnish Plaintiff with a reasonably safe place to work and to perform the duties of his employment;

(b) failing to use ordinary care to furnish Plaintiff with a reasonably safe place to work and to perform the duties of his employment by requiring Plaintiff to perform his assigned job tasks in an area made unsafe due to the presence of a dangerous condition;

(c) failing to use ordinary care to furnish Plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to provide the Plaintiff with proper equipment in order to perform the duties of his employment;

(d) failing to use ordinary care to furnish Plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to provide the Plaintiff with proper work space in order to safely perform the duties of his employment;

(e) failing to use ordinary care to furnish Plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to properly enforce its own rules;

(f) failing to use ordinary care to furnish Plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to properly inspect and/or maintain the equipment at issue;

(g) failing to use ordinary care to furnish Plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to properly train Plaintiff to perform the task at hand;

(h) failing to use ordinary care to furnish Plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to properly provide Plaintiff with the proper tools to perform the task at hand;

(i) failing to use ordinary care to furnish Plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to properly oversee and/or manage the work at hand;

(j) failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to properly instruct the Plaintiff on how to perform the task at hand;

(k) failing to use ordinary care to furnish Plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to provide proper communications between the equipment at issue;

(l) failing to remedy and/or correct the defective, dangerous and/or hazardous conditions, as described above, when the Defendant knew or should have known that said conditions existed;

(m) failing to use ordinary care to furnish Plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to provide proper manpower;

(n) failing to use ordinary care to provide safe working conditions;

(o) failing to use ordinary care to properly inspect and/or maintain the subject equipment to ensure that same was in reasonably safe condition;

(p) failing to comply with governmental and/or other applicable safety regulations and/or guidelines;

(q) failing to discover, in the exercise of reasonable care, the defective, dangerous and/or hazardous conditions of the work area and the dangerous working conditions as described above;

(r) failing to warn Plaintiff that the equipment, tools and/or working conditions were improper, defective and/or otherwise dangerous; and

(s) failing to provide Plaintiff with a reasonably safe place to work by requiring plaintiff to perform his job duties in the immediate presence of dangerous equipment and/or working conditions which posed an unreasonable risk of harm to Plaintiff.

8. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, Plaintiff was caused to suffer severe and permanent injuries, severe shock to his nerves and nervous system, aggravation, acceleration and/or activation of any and all pre-existing ailments and/or conditions, and more particularly, but not in limitation of, any other personal injuries he may have sustained, Plaintiff suffered injuries to his left thumb and left hand, by reason of which he has suffered great physical pain and mental distress which he yet suffers and will continue to suffer into the future.

9. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the Defendant, as more fully set forth above, Plaintiff was obliged to expend significant sums of money for medical treatment and will be required to expend considerable amounts of money into the future for medical care in order to effect a cure and/or a diminution of his injuries.

10. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of one the Defendant, as more fully set forth above, Plaintiff has suffered in the past and will continue to suffer into the future significant pain, mental anguish, humiliation and disfigurement and the limitation and restrict of his usual activities, pursuits and pleasures.

11. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the Defendant, as more fully set forth above, Plaintiff has suffered in the past and will continue to suffer into the future a loss of earnings and earning capacity as well as additional financial expenses and/or losses.

12. The injuries sustained by Plaintiff were caused solely and proximately by the negligence of the Defendant, its agents, servants and/or employees and/or its ostensible agents, servants and/or employees and were in no way caused by any act or omission on the part of the Plaintiff.

WHEREFORE, Plaintiff demands judgment in his favor and against the Defendant in an amount in excess of the statutory arbitration limits as compensatory damages, together with costs, interest and any further and additional relief that this Honorable Court deems appropriate.

A jury trial is demanded.

## RYAN CURRIE v. NORFOLK SOUTHERN RAILWAY CO.
## FEDERAL RAILROAD SAFETY ACT, 49 USC §20109

13. Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 - 12 above, as if set forth at length herein.

14. At all times material hereto, and for sometime prior thereto, plaintiff was in the employ of the Defendant as a Conductor in furtherance of the carriers' business of interstate commerce and transportation by railroad.

15. Plaintiff has worked for the Defendant for approximately six years.

16. On or about October 29, 2017, Plaintiff was injured while working in his capacity as a Conductor in Defendant's Conway Yard facility in Conway, PA.

17. After reporting his injury, and directly because Plaintiff reported his injury, Plaintiff was the victim of retaliation by Defendant.

18. Because Plaintiff reported his injury, Defendant searched for improper and/or illegal reasons to discipline, punish and/or harass the Plaintiff.

19. Following the incident at issue, Mr. Currie obtained medical treatment for his on-the-job injury.

20. Nevertheless, the railroad dismissed Mr. Currie as a result of the incident at issue. Said dismissal, however, was directly related to Mr. Currie's initial report of an injury at work and the treatment necessary to repair his injuries.

21. The FRSA's purpose is "to promote safety in every area of railroad operations and reduce railroad-related accidents and incidents." 49 U.S.C. § 20101.

22. To facilitate that purpose, the FRSA prohibits railroad carriers from retaliating against employees who engage in certain safety-related protected activities. 49 U.S.C. § 20109.

23. The FRSA prohibits a railroad from discharging or otherwise discriminating against an employee "if such discrimination is due, in whole or in part, to the employee's lawful, good faith act done ... to notify, or attempt to notify, the railroad carrier or the Secretary of Transportation of a work-related personal injury or work-related illness of an employee." 49 U.S.C. § 20109(a)(4).

24. Defendant's dismissal of the Plaintiff was in violation of the FRSA.

25. Plaintiff has been greatly distressed by the improper and illegal punishment, discharge and/or otherwise discrimination perpetrated upon him by the Defendant.

26. On or about November 29, 2017, Plaintiff brought a complaint pursuant to the FRSA against the Defendant to the Department of Labor relating how the Defendant's actions and practices directly violated the FRSA.

27. Plaintiff's damages were caused both directly and proximately by the unlawful conduct of the Defendant, by and through its agents, servants and/or employees and/or ostensible agents, servants and/or employees in the following respects which include, but not limited to:

(a) improperly and illegally punishing, discharging and/or otherwise discriminating against the Plaintiff;

(b) improperly and illegally punishing, discharging and/or otherwise discriminating against the Plaintiff for reporting a work related personal injury;

(c) improperly and illegally punishing, discharging and/or otherwise discriminating against the Plaintiff for reporting, in good faith, a hazardous safety or security condition;

(d) improperly and illegally punishing, discharging and/or otherwise discriminating against the Plaintiff by creating hostility and tensions for Plaintiff in the workplace;

(e) failing to provide plaintiff with a a workplace free from the aforesaid improper and/or illegal conduct and/or actions of supervision.

28. As a direct and proximate result of the aforesaid improper and illegal activity by the Defendant against Plaintiff, Plaintiff has suffered in the past and will continue to suffer into the future significant emotional distress, damage, mental anguish, and humiliation and restriction of his usual activities, pursuits and pleasures.

29. As a direct and proximate result of the aforesaid improper and illegal activity by the Defendant, against Plaintiff, Plaintiff was caused to become unable to perform his former work duties for the defendant.

30. As a direct and proximate result of the aforesaid improper and illegal activity by the Defendant, against Plaintiff, Plaintiff has suffered in the past and will continue to suffer into the future a loss of earnings and earning capacity as well as additional financial expenses and/or losses.

31. On or about August 26, 2019, Plaintiff formally requested that the Department of Labor "kick out" his FRSA complaint in order to allow the Plaintiff to file the instant lawsuit.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court finds that the Defendant's actions and practices, as aforesaid, directly violate the FRSA. Plaintiff further requests that the Court Orders the Defendant as follows: (1) Immediately cease and desist any and/or all actions punishing, harassing, reprimanding, and/or discriminating against Plaintiff; (2) Restore

Plaintiff to his former position, with the same seniority status, had no discrimination occurred, as set forth at law; (3) Pay to Plaintiff all of his back pay with interest; (4) Pay to the Plaintiff an award for compensatory damages, including compensation for any special damages sustained as a result of the discrimination, including litigation costs, expert witness fees, and reasonable attorney fees; (5) Pay to Plaintiff an award for punitive damages in the amount of $250,000.00. Plaintiff further requests that the Court Order judgement against Defendant for such other relief available under the FRSA and such additional relief that this Honorable Court deems appropriate.

BARISH♦ROSENTHAL

_____
Samuel J. Rosenthal, Esquire
Attorney for Plaintiff

Dated: January 21, 2020

# **VERIFICATION**

I, Ryan Currie, hereby states that I am the Plaintiff herein and verifies that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief; and that this statement is made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

Date: 9-3-2019

RYAN CURRIE